# UNITED STATES DISTRICT COURT
### for
### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 12, 2022

SEAN F. McAVOY, CLERK

| U.S.A. vs. | Preston, Mark A. | Docket No. | 0980 2:22CR00133-TOR-16 |

**Petition for Action on Conditions of Pretrial Release**

COMES NOW Chris Heinen, PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Mark A. Preston, who was placed under pretrial release supervision by the Honorable U.S. Magistrate Judge, Alexander C. Ekstrom, sitting in the Court at Spokane, Washington, on the 28th day of September 2022, under the following conditions:

**Standard Condition #8**: Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**Violation #1**: Mr. Mark A. Preston is alleged to have violated standard condition number 8 by ingesting marijuana, previously occurring on or about September 28, 2022, based on his admission of such use, and by ingesting methamphetamine, previously occurring on or about October 3, 2022, based on laboratory testing.

On September 30, 2022, the conditions of pretrial release supervision were reviewed with Mr. Preston. He acknowledged an understanding of his conditions, which included standard condition number 8.

Specifically, on September 30, 2022, Mr. Preston reported to the U.S. Probation Office in Spokane, as directed to participate in his intake for supervised release services. As a part of the contact, Mr. Preston admitted to previously ingesting marijuana on or about September 28, 2022, stating that he had last used the substance after his release from the Spokane County Jail, as ordered by the Court. Mr. Preston has since amended the statement to clarify that he in fact last used the substance prior to his arrest on the morning of September 28, 2022, and he has not used after release as previously indicated.

As a part of his intake, Mr. Preston was advised that he would be required to submit to urinalysis testing. Mr. Preston was subsequently provided approximately 2 1/2 hours to submit to testing, after which he indicated he was unable to do so, stating that he had used the restroom prior to reporting for his intake. Mr. Preston was again directed to report back to the U.S. Probation Office on October 3, 2022, for subsequent testing.

On October 3, 2022, Mr. Preston reported as directed and subsequently submitted a urinalysis sample that tested presumptive positive for methamphetamine. Mr. Preston denied any use of the substance and the sample was sent to the contract laboratory for confirmation.

On October 6, 2022, a scheduled home contact was conducted with Mr. Preston at which time his history of drug use was further discussed with him. As a part of the contact, Mr. Preston subsequently admitted to a past history of methamphetamine use, and indicated that his most recent use of the substance had occurred several weeks prior.

On October 11, 2022, the lab report specific to the urinalysis sample submitted by Mr. Preston on October 3, 2022, was received by the U.S. Probation Office in which the sample was confirmed to be positive for both amphetamine and methamphetamine. Mr. Preston was contacted telephonically at which time he indicated having used the substance on or about the morning of September 28, 2022, prior to his arrest.

Mr. Preston again sought to amend his previous statement to the undersigned officer, indicating that he had used the substance several days before meeting with this officer for his intake, as opposed to the several week time line previously provided. Mr. Preston indicated that he had suspected he may be positive for methamphetamine, which is why he had stalled during testing on September 30, 2022.

As a result of Mr. Preston's conduct as outlined, he was reprimanded for both his use of an illegal controlled substance, as well as his clear and apparent lack of transparency. The parties did collaboratively discuss the negative impact that such behavior would have regarding both his personal goals, as well as his current pretrial supervision, should the identified behaviors continue. Mr. Preston has been referred for both random urinalysis testing with the contract provider, as well as for a full chemical dependency assessment to determine needed services.

PRAYING THAT THE COURT WILL ORDER NO ACTION AT THIS TIME

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: October 11, 2022

by s/Chris Heinen

Chris Heinen
U.S. Pretrial Services Officer

THE COURT ORDERS

[X] No Action
[ ] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[ ] Defendant to appear before the Magistrate Judge.
[ ] Other

Signature of Judicial Officer

10/12/22
Date